UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JEFFREY R. HERSON,

    Plaintiff,

v.

THE CITY OF RENO, a municipal corporation,

    Defendant.

3:11-CV-00403-LRH-VPC

ORDER

Before the court is Plaintiff Jeffrey R. Herson's Renewed Motion for Temporary Restraining Order, filed June 27, 2011. Doc. #8.[1] According to his complaint, Plaintiff is in the business of operating billboards and wishes to erect new, permanent billboards in the City of Reno in order to generate income from the display of others' speech on portions of the billboards and to display his own non-commercial speech on the remaining portions. *See* Doc. #1, ¶¶ 6-9. Plaintiff's renewed motion for temporary restraining order is brought on the grounds that Defendant City of Reno's regulation of signs, through the Reno Municipal Code, violates the First and Fourteenth Amendments to the United States Constitution, and that Plaintiff has and will continue to suffer immediate and irreparable harm unless Defendant is enjoined from requiring Plaintiff to obtain a sign permit or "any other approval" in order to obtain a building permit to erect his billboards, and

---

[1] Refers to the court's docket number.

from limiting the height and size of the signs to municipal code standards. *See* Doc. #8, pp. 1, 16. The motion is made with notice to Defendant and with the stipulation that Defendant "should be given an opportunity to be heard in opposition, prior to entry of any injunctive relief." *Id.* at 1. Plaintiff requests the court to issue a temporary restraining order and set a preliminary injunction hearing. *Id.* Defendant has not yet filed a response.

The same legal standard applies to both temporary restraining orders and preliminary injunctions sought pursuant to Federal Rule of Civil Procedure 65. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that the analysis applied to temporary restraining orders and preliminary injunctions is "substantially identical"). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 129 S. Ct. 365, 376 (2008). A court may grant such relief only upon a petitioner's showing of (1) likelihood of success on the merits, (2) likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities weighs in petitioner's favor, and (4) an injunction is in the public interest. *Id.* at 374. The distinguishing characteristic of a temporary restraining order is its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974); *see also* Fed. R. Civ. P. 65(b) (limiting temporary restraining orders to 14 days unless extended for good cause, and providing for expedited hearings on preliminary injunctions).

In support of his renewed motion for temporary restraining order, Plaintiff purports to rely on his "Verified Complaint" (Doc. #1), his request for judicial notice of relevant provisions of the Reno Municipal Code (Doc. #6), his memorandum of points and authorities (Doc. #8), and counsel's declaration attesting to the notice given to Defendant (Doc. #8, Exh. 1). Contrary to his representation, however, Plaintiff's complaint is not verified. *See* Doc. #1. Nor has Plaintiff

submitted any affidavit or declaration attesting to the facts alleged in the complaint and motion for temporary restraining order. Indeed, this is the second time the court has so ruled. *See* Doc. #7, p. 2 (denying Plaintiff's first motion for temporary restraining order on the ground that "Plaintiff has not submitted either an affidavit or a verified complaint," among other procedural defects). Thus, once again, the motion is made without any supporting evidence, save the Reno Municipal Code.

Furthermore, even if the allegations in Plaintiff's unverified complaint were taken as true, Plaintiff has also failed to establish that the extraordinary relief of a temporary restraining order is necessary to preserve the status quo and prevent irreparable harm before the court could hold a hearing on a preliminary injunction. The challenged billboard regulations have long been in effect, and "Plaintiff agrees that Defendant should be given an opportunity to be heard in opposition, prior to entry of any injunctive relief." Doc. #8, p. 1.

For all the above reasons, the court shall deny Plaintiff's renewed motion for temporary restraining order. Plaintiff's request to set a hearing on a preliminary injunction shall also be denied, as Plaintiff has yet to file a motion for preliminary injunction supported by any admissible evidence.

IT IS THEREFORE ORDERED that Plaintiff's Renewed Motion for Temporary Restraining Order (Doc. #8) is DENIED.

IT IS SO ORDERED.

DATED this 28th day of June, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3